IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **GREGORY LOWE, #627272,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 1:24-cv-00070 |
| | ) | |
| **MARSHALL COUNTY, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Lowe, a state prisoner who was formerly a pretrial detainee at the Marshall County Jail, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 4.) He also filed a motion for appointment of counsel. (Doc. No. 2.)

This case is before the Court for ruling on Plaintiff's IFP application and motion, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's financial affidavit and other documentation that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 4) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

---

in installments, the fee is $350. *See* 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff alleges that he was booked into the Marshall County Jail on May 20, 2020, and placed on a "detox protocol" that did not include appropriate, medically necessary "buprenorphine maintenance treatment," as a result of which he suffered "forced withdrawal" from the opioid to which he was addicted. (Doc. No. 1 at 9–10.) He alleges that, after he had been placed in a holding

cell alone and had fallen asleep, a tactical unit comprised of several Jail officers burst into the cell, grabbed Plaintiff, and threw him to the floor, where they then put their weight on several parts of his body "for the purpose of inflicting pain." (*Id.* at 12.) Although Plaintiff did not resist, the Jail officers proceeded to put him in a restraint chair and leave him there for a day. (*Id.*) Plaintiff asserts claims including excessive force and deliberate indifference to serious medical needs in violation of his constitutional rights. He requests declaratory relief and an award of damages.

The Complaint concludes with a section recognizing that this case was filed years after the statute of limitations expired, but presenting facts from which Plaintiff argues that equitable tolling of the limitations period is appropriate. (*Id.* at 25–27.) In short, Plaintiff alleges that he hired someone who he believed to be a lawyer, and who mailed Plaintiff copies of the pleadings and interrogatories he purported to have filed on Plaintiff's behalf in this Court in August of 2020. This individual, identified as Kevin L. Brown of Baxter, Tennessee, advised Plaintiff at the time that "this kind of lawsuit will take several years to get the Defendants' answer." (Doc. No. 1 at 25.) After March 2021, however, Mr. Brown stopped communicating with Plaintiff and his family. (*Id.*) After two years passed without Plaintiff hearing anything from Mr. Brown or from the Court about the lawsuit he believed had been timely filed, he became concerned and mailed a letter to the Clerk of this Court asking for help. (Doc. No. 1-1 at 62.)[2] The Clerk's Office, in a letter dated March 31, 2023, informed Plaintiff that "we do not have a case under your name in this court" and sent him a complaint form. (*Id.* at 63.) Plaintiff sent a follow up letter to the Court on August 23, 2023, again asking for help, and the Clerk's Office replied on September 8, 2023 that the docket

---

[2] In addition to this letter, Plaintiff also attaches a letter "To Whom This May Concern," dated March 21, 2023, in which he advised that Mr. Brown "was appointed [his] attorney-in-fact on 2/13/21 and that was through 5/13/21." (*Id.*) This earlier letter appears to have been intended for the state criminal court, as it states that Mr. Brown had filed three motions in Marshall County Circuit Court on April 1, 2021: "1) motion for reconsideration of sentence, 2) motion for probation, and 3) . . . motion for mental health records." (*Id.*)

4

had been doublechecked, and no case under Plaintiff's name was on file. (*Id.* at 64–65.) Plaintiff sent a letter to the Tennessee Board of Professional Responsibility (TBPR) Consumer Assistance Program, and the September 12, 2023 response to his letter stated that "[t]here is no lawyer registered in Tennessee named Kevin L. Brown practicing out of Baxter, Tennessee." (*Id.* at 66 (emphasis in original).)

Ten months later, on July 17, 2024, Plaintiff composed the cover letter accompanying his Complaint and IFP application in this case and mailed those documents to this Court for filing. (Doc. No. 1-2; *see* Doc. No. 1 at 28–29.)

## C. Analysis

"Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, No. 24-545, 2025 WL 247463 (U.S. Jan. 21, 2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrow the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). In this case, that one-year period began to run in mid-2020, when Plaintiff suffered the alleged deliberate indifference and excessive force; it expired in mid-2021, as Plaintiff acknowledges in his Complaint. (*See* Doc. No. 1 at 25.) Thus, the July 2024 filing of this action was untimely by roughly three years.

5

However, Plaintiff argues that he is entitled to equitable tolling of the limitations period. State tolling rules, like state statutes of limitations, are applicable in Section 1983 cases—but only "insofar as they are consistent with federal law and policy." *Doe v. Lee*, No. 3:23-CV-00965, ---F.Supp.3d----, 2024 WL 4363151, at *13 (M.D. Tenn. Sept. 30, 2024) (citing *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005)). Although Tennessee law generally does not recognize the doctrine of equitable tolling in civil cases, that failure of recognition is itself inconsistent with federal principles and the purposes of Section 1983. *Id.* Accordingly, federal principles of equitable tolling will be applied in this case. As explained by Judge Trauger in *Doe*:

> Equitable tolling is available where a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The doctrine of equitable tolling is to be applied sparingly, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and typically arises "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control," *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In determining whether equitable tolling is available, courts may consider (1) whether the plaintiff had actual notice of the filing requirements; (2) whether the plaintiff had constructive notice of the filing requirements; (3) whether the plaintiff diligently pursued her rights; (4) whether the defendant is prejudiced; and (5) whether the plaintiff's ignorance of the relevant requirement was reasonable. *McSwain v. Davis*, 287 F. App'x 450, 455 (6th Cir. 2008).

*Id.*

Here, Plaintiff appears to have pursued his rights diligently in the immediate aftermath of his alleged mistreatment in the Marshall County Jail. Accepting the Complaint's factual allegations as true, shortly after he sustained his injuries in May of 2020, Plaintiff hired Mr. Brown, who "informed Plaintiff that he ha[d] filed the Plaintiff's Complaint with the U.S. District Court Columbia Division in [a] timely manner on 8/2/2020, and sent Plaintiff a copy of the Complaint." (Doc. No. 1 at 25.) Plaintiff was further led to believe that Mr. Brown was submitting filings to

the Court on his behalf during February and March of 2021. (*Id.*) But Plaintiff was deceived. Although "an attorney's mistake is typically not grounds for equitable tolling," *Wershe*, 112 F.4th at 367 (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)), Mr. Brown is neither an attorney (though Plaintiff appears to have believed him to be) nor did he make a mistake, according to the Complaint. Presuming Plaintiff's allegations true and construing them in his favor, the Court finds, for purposes of initial review, that Brown's deceptive communications while acting as a non-lawyer legal representative during the limitations period constitute an extraordinary circumstance that prevented timely filing.

However, despite these circumstances and Plaintiff's initial diligence in seeking a legal remedy during the year following the May 2020 accrual of his claims, that diligence was not sustained. To toll the running of the limitations period, Plaintiff must have diligently pursued his claims "during the entire period over which he seeks equitable tolling." *Id.* at 367–68 (citing cases). "That means the plaintiff must have pursued his claims with 'some regularity' during that period, 'as permitted by his circumstances.'" *Id.* at 368 (quoting *Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) (en banc)). Here, "[a]fter March 2021," and after being transferred from the Jail to state prison around that same time,[3] Plaintiff did not hear or do anything at all related to his claims arising from his treatment at the Jail. (Doc. No. 1 at 25.) Two years passed before Plaintiff began to send letters inquiring about the status of his case and about Mr. Brown's standing as a lawyer. Then, after receiving confirmation from this Court and from the TBPR in September 2023 that Mr. Brown had not, nor could he have, filed anything in court as Plaintiff's attorney, Plaintiff waited until July 2024 to file the Complaint under review here.

---

[3]  *See* Doc. No. 4 at 2 (reporting Plaintiff's employment at the West Tennessee State Penitentiary beginning April 2021).

Though Plaintiff's circumstances after his transfer from the Jail to state prison were presumably less than ideal in terms of his ability to pursue his claims diligently, there is no basis in the record for concluding that the great *irregularity* of his outreach to courts and other state offices—which he did not attempt at all between April 2021 and March 2023, between April and August 2023, or between September 2023 and July 2024—could justify a finding that Plaintiff was reasonably diligent during the entire time between the expiration of the limitations period and the filing of this lawsuit. Even measured solely by his activity "after [the] extraordinary circumstance is lifted"—i.e., after he learned of Mr. Brown's deception as early as April, and certainly by September, of 2023—Plaintiff has "alleged no facts, argued no circumstances, and made no claim that he had been diligent" in preparing his Complaint (which is a lightly edited version of the Second Amended Complaint drafted by Mr. Brown and provided to Plaintiff long ago[4]) for filing in July 2024. *Smith*, 953 F.3d at 601.

In sum, because he has not demonstrated diligent pursuit of his claims during the entire time period that he seeks to toll, Plaintiff is not entitled to equitable tolling. When "the allegations in the complaint affirmatively show that the claim[s] [are] time-barred," dismissal for failure to state a claim is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). That is the case here.

### III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted due to untimeliness.

---

[4] *Compare* Doc. No. 1 *with* Doc. No. 1-1 at 31–53.

In light of this disposition, Plaintiff's Motion for Counsel (Doc. No. 2) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE